UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 OCT 11 PM 1:15
U.S. _____
N.D. OF ALABAMA

| | |
|---|---|
| KERRY L. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. CV-02-S-2303-NE |
| CINRAM, INC., PETER HASSLER, STEVE HURST, LARRY KNOTHE, J.D. UPTON, | ) ) ) ) |
| Defendants. | ) ) |

ENTERED

OCT 11 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

## MEMORANDUM OPINION

This action is before the court on motions filed by defendants Cinram, Inc., Steve Hurst, Peter Hassler, J.D. Upton, and Larry Knothe to quash service of process (doc. nos. 6, 7, 8, 9 & 10). For the reasons stated herein, the court concludes that this action is due to be dismissed without prejudice, and the motions are due to be denied as moot.

Plaintiff asserts a claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Plaintiff alleges that he has been "harassed" by his co-workers, but does not allege that the harassment occurred because of his race, color, religion, sex, or national origin.

The Federal Rules of Civil Procedure require that a complaint contain only a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)[1]). Consequently, a complaint should not be

---

[1] Federal Rule of Civil Procedure 8(a)(2) provides: "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and

dismissed for failing to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S.Ct. at 102.[2]

The pleadings submitted by a *pro se* litigant are to be construed with leniency. The principle underlying this liberal construction is "to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). However, this leniency does not extend so far as to give the court leave to serve as *de facto* counsel for a *pro se* litigant, or to rewrite any deficient pleadings. *See Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991) (holding that *pro se* pleadings are to be liberally construed); *Gibbs v. Republic Tobacco, L.P.*, 119 F. Supp. 2d 1288, 1290 (M.D. Fla. 2001) (holding that the court would not rewrite a *pro se* litigant's pleadings).

The court concludes that, even under the most liberal construction of the complaint, plaintiff fails to state a claim upon which relief may be granted under Title VII.

---

  plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. ...

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

[2] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S.Ct. at 102); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

Moreover, plaintiff has failed to exhaust administrative remedies. A plaintiff must satisfy a number of administrative prerequisites before filing a suit based upon Title VII. Foremost among these is the requirement that a charge of discrimination be submitted to the Equal Employment Opportunity Commission within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1);[3] *see also, e.g., Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000) ("No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge.").

> Before a potential plaintiff may sue for discrimination under Title VII, she must first exhaust her administrative remedies. *See Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir.1999). The first step down this path is filing a timely charge of discrimination with the EEOC. See 42 U.S.C. § 2000e-5(b) (1994); *Alexander v. Fulton County*, 207 F.3d 1303, 1332 (11th Cir. 2000). For a charge to be timely in a non-deferral state such as Georgia [or Alabama], it must be filed within 180 days of the last discriminatory act. *See* 42 U.S.C. § 2000e-5(e)(1) (1994); *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 197 (6th Cir.1995).

*Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001).

Here, there is no evidence that plaintiff filed a charge of discrimination with the EEOC. Accordingly, his claims are due to be dismissed without prejudice, and the motions filed by the defendants to quash service of process are due to be denied as moot. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

---

[3] As originally enacted, Section 706(d) of the Civil Rights Act of 1964, 78 Stat. 260, provided in part: "A charge under subsection (a) shall be filed within *ninety days* after the alleged unlawful employment practice occurred. . . ." 42 U.S.C. § 2000e-5(e) (emphasis supplied). The 1972 amendments to Title VII added a new subsection (a) to § 706, however; as a consequence, subsection (d) was redesignated subsection (e). In addition, redesignated subsection (e) was amended to enlarge the limitations period to 180 days. *See* 86 Stat. 105, 42 U.S.C. § 2000e-5(e); *see also United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n.3, 97 S. Ct. 1885, 1887 n.3, 52 L. Ed. 2d 571 (1977).

A three-hundred-day filing period applies if the charging party institutes proceedings "with a State or local agency with authority to grant or seek relief" from unlawful employment practices. 42 U.S.C. § 2000e-5(e)(1); *see also EEOC v. Commercial Office Products Co.*, 486 U.S. 107, 110, 108 S. Ct. 1666, 100 L. Ed. 2d 96 (1988).

DONE this __11th__ day of October, 2002.

_____
United States District Judge

4